# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH LEMBURG CAMPBELL, #356-745 *

Plaintiff                                                        *

v                                                                *           Civil Action Case No. RDB-10-2930

MATTHEW IRBY, et al.                              *

Defendants                                                  *
                                                                 ***

## MEMORANDUM OPINION

The pro se plaintiff Joseph L. Campbell ("Campbell") has filed his Complaint pursuant to 42 U.S.C. §1983. Defendants Correctional Officer Matthew Irby, Correctional Officer Warren Philyaw, and Correctional Officer Shaun E. Gregory, by their counsel, move to dismiss the case. (ECF No. 15).[1] After reviewing the pleadings, exhibits, and applicable law, the Court concludes a hearing is unwarranted. Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 15) will be GRANTED.

## BACKGROUND

### A. CLAIMS PRESENTED

This case presents claims of excessive force and due process violations arising from an incident on April 30, 2009 at the Charles County Detention Center ("CCDC) where Campbell was an inmate.[2] Campbell is requesting damages of $400,000.

Campbell alleges that Officer Irby used excessive force against him when he punched

---

[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Campbell was advised of Defendants' dispositive filing and the possible consequences of failing to respond. ECF No. 16. Campbell thereafter filed a supplement to the Complaint that listed various reports and records, but attached only a copy of a letter written to Campbell by William Renahan, Esq. In that letter, Mr. Renahan suggested that a video of the incident at issue in this case would not prove helpful to his case at a jury trial. *See id.*

[2] Campbell currently is incarcerated in the Maryland Division of Correction.

him on the right side of his face during a cell extraction. Campbell claims that he lost a tooth and sustained facial injury above the right eye as a result. Campbell further alleges that Officers Gregory and Philyaw then grabbed him, threw him down to "make it look like [Campbell] was resisting arrest and all 3 C.O.'s started punching, kneeling, and kicking" him. ECF No. 3, Attachment. A medical provider taped Campbell's eye with gauze to stem the bleeding after the incident. *See id*. Campbell was placed on lock-up for three weeks. *See id*. Campbell also asserts that although he did not go before the CCDC adjustment board, he was found guilty of rule violations based on the incident in violation of due process. *See id*.[3]

Campbell acknowledges that he did not present his claims through the CCDC administrative grievance process, but adds "no ARPS [4] are at this jail (Charles County)." ECF No. 1, Complaint, p. 2. Campbell adds "there was not enough time to file [a grievance].[5] *See id*, p. 3.

**B. DEFENDANTS' RESPONSE**

Defendants raise Campbell's failure to exhaust his administrative remedies as an affirmative defense and move for dismissal.

**1. CCDC ADMINISTRATIVE PROCEDURES**

Defendants state that the CCDC administrative grievance policy is explained in the

---

[3] Campbell is currently incarcerated at the Maryland Correctional Institution- Jessup. Campbell attempted to bring charges against Officer Irby for assault in state court without success. ECF No. 3, p. 5. According to Campbell, "Commissioner sent Statement of Charges to the State Attorney who then den[ied] filing charges against C.O Irby, and to file charges on this plaintiff." *Id*. While this Court is mindful that Campbell is a pro se litigant, his attempt to bring criminal charges against Officer Irby does not satisfy the administrative exhaustion requirement.

[4] The Court assumes that the reference is to the administrative grievance process at CCDC.

[5] Approximately seventeen months elapsed between the incident and the filing of this Complaint on October 15, 2010. Campbell provides no explanation for the lengthy delay.

2

inmate handbook provided to inmates. Campbell was issued an Inmate Handbook that outlines the grievance procedures. ECF No. 15, Exhibits 1 ¶ 2; and 2 ¶ 8. The policy calls for inmates to present their concerns about prison staff in writing to the Commander of Custody and Security. ECF No. 15, Exhibit 1-A. Next, a staff supervisor conducts a preliminary investigation. If additional inquiry is necessary, the Commander of Custody and Security meets with the Director of the CCDC to decide whether to conduct an internal investigation or refer the matter to the Office of Professional Responsibility. ECF No. 15, Exhibits 1, ¶ 3 and 1-A.

The CCDC also has an institutional disciplinary process which provides inmates with a copy of an Incident/Offense Report, followed by a Notice of Institutional Adjustment Committee Hearing containing a list of charges against the prisoner. ECF No. 15, Exhibits 2 and 2A. Inmates are notified they have the right to appear at the hearing, call witnesses, testify, and appeal the findings of the Adjustment Committee. ECF No. 15, Exhibits 2A, 3A and 3B.

   2. **DISCIPLINARY HEARING**

On April 30, 2009, Corporal Irby filed disciplinary charges against Campbell for: 1) assault on staff (kicking an officer); 2) disorderly conduct; and 3) disobeying orders (during cell extraction); and 4) threatening others (multiple threats of death and bodily harm to others) for his conduct earlier that evening during the cell extraction. ECF No. 3-E. Corporal Irby's supervisor endorsed the charges and recommended Adjustment Committee action. *Id.*

On May 1, 2009, Campbell was given a copy of the Incident/Offense Report. Campbell's refusal to sign a receipt for the Report was witnessed by a second correctional officer. ECF No. 15, Exhibits 3, ¶ 6 and 3-A.

On May 4, 2009, Correctional Officer First Class Oliver, the Classification Hearing

Officer,[6] served Campbell with a Notice of Institutional Adjustment Committee Hearing and an Inmates Rights at Institution Adjustment Committee Hearing. ECF No. 15. Exhibit 3, ¶ 7. The notice listed the charges, provided the opportunity to request staff representation and call witnesses, and stated the hearing would be held on or before May 6, 2009. ECF No. 15, Exhibit 3E. An Inmate Rights form given to Campbell notified him of his right to a written copy of the charges at least twenty-four hours in advance, his right to be represented by staff, his right to call witnesses and present evidence, his right to remain silent and the consequences of so doing, the right to be present at the hearing, the right to be advised of the decision and the reasons, and the right to appeal the decision within seven days. ECF No. 15, Exhibit 3-C.

At the adjustment hearing which was held on May 8, 2009,[7] Campbell explained that he did not try to kick Corporal Irby during the cell extraction but had only lifted his leg for shackling. ECF No. 15, Exhibit 3-E. Officer Oliver explained to Campbell that it is no longer policy for the Emergency Response Team (ERT) to shackle inmates during cell extractions. Campbell indicated that he did not know that to be the case. Officer Oliver stated that Campbell had been ordered to spread his legs, not to lift his knee to be shackled. *See id.*

The disciplinary committee found Campbell guilty of all charges and sentenced him to an additional fifty days in the Behavioral Adjustment Unit. *See id.* The findings were as follows:

> Inmate Campbell assaulted a staff member by kicking an officer in the leg during an ERT cell extraction. Campbell's actions were disorderly as he

---

[6] The classification hearing officer ensures compliance with Charles County Sheriff's Policy requirements for timeliness. ECF No. 15, Ex. 3, ¶ 3.

[7] On May 6, 2009, Campbell's adjustment hearing was postponed due to his appearance in the Circuit Court for Charles County on an unrelated matter.

4

> disobeyed orders from staff and threatened staff during the extraction. Inmate
> Campbell has not regard [for] [] the rules of the facility.

ECF No. 15, Exhibit 3-E. Campbell did not appeal the Adjustment Board's decision.

## DISCUSSION

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants raise Campbell's failure to exhaust his administrative remedies as an affirmative defense in this case. Under the Prison Litigation Reform Act of 1995 (PLRA), prisoners are required to " ... exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997e(a). The PLRA applies to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Id*. (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Exhaustion is mandatory and unexhausted claims may not be brought in court. *See Jones v. Bock*, 549 U.S. 199 (2007). A district court may sua sponte "dismiss [ ] a complaint where the failure to exhaust is apparent from the face of the complaint" as long as the inmate is provided the "opportunity to respond to the issue" prior to dismissal. *Anderson v. XYZ Correctional Health Services., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Campbell is required under the PLRA to properly exhaust all administrative remedies prior to filing suit but, as he acknowledges in his complaint, he has failed to do so. Contrary to Campbell's assertions, there is an administrative remedy process at CCDC. Campbell did not

5

attempt to raise his claims through that process, and then waited some seventeen months after the alleged assault to file this Complaint. Campbell did not present his grievances about staff conduct to the Commander of Security so they might be addressed at the institutional level, nor did he exhaust his claims in regard to the Adjustment Committee's determination by noting an appeal. Consequently, the claims must be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the above stated reasons, the Complaint will be DISMISSED. A separate Order follows.

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE